IN THE MATTER OF THE ASSIGNMENT OF THE GEO. WEBER BREWING COMPANY.

*Fixtures—Machinery, etc., of brewery.*

An ice machine, boiler, engine and machinery, all connected with a brewery and removable without injury to themselves or the building, held as between mortgagor and mortgagee fixtures.

*Decided March* 12, 1889.

THE facts are stated in the opinion.

*Ramsey, Maxwell & Ramsey* and *Kittredge & Wilby*, for creditors.

*Jordan & Jordan*, for assignees; *Kramer & Kramer*, for Henzler, administrator, and *Mallon, Coffey & Mallon*, for assignee.

GOEBEL, J.

In 1869, Meinrod and Fridolin Kleiner were partners and the owners of what is now known as the

"Weber Brewery." Fridolin Kleiner having died, his executor conveyed to Meinrod Kleiner the undivided one-half interest of Fridolin Kleiner in the brewery, and took in part payment a mortgage upon the real estate. This mortgage was subsequently transferred and assigned to Henzler, administrator of Fridolin Kleiner.

In 1873 Meinrod Kleiner sold the brewery property to George Weber, and in 1885 George Weber conveyed the same to the George Weber Brewing Company. In 1884 George Weber purchased an ice machine at a cost of $22,000, and removed the old boilers and parts of machinery, and replaced the same by new boilers and the necessary machinery to manufacture beer.

By a former order of court, the real estate, buildings, machinery, boilers, engines and ice machine were ordered to be appraised separately, which was accordingly done; and the appraisers in their report returned the ice machine, boiler, engine and machinery as part of the personal property of said estate; to which report Henzler, as administrator, objects, maintaining that the ice machine, boiler, engine and machinery are part of the real estate, and covered by his mortgage.

This is resisted by Louisa Ehrgott, Barbara Alt and others, who hold judgment liens against the real

and personal property of the George Weber Brewing Company.

This mortgage does not purport to cover anything but the land.   There is no reference to the buildings on the land, nor to the business to which it is appropriated.   A separate building was erected for this ice machine, connecting with the main building by iron pipes fastened with cleats.   It can be removed without detriment to the machine itself, or any part of the building.

The boilers were placed long after the execution of this mortgage, and are in an inclosure separate from the buildings, resting upon a stone and brick foundation, arched over with brick work, and may be removed without detriment to the boilers, or to the building, except the arch.   The machines are in the main building, securely fastened down with bolts, and are connected with the main shaft by belts, and operated by power furnished by the engine which is also in the building secured by bolts.   The engine and machinery may be removed without injury and without injury to the building.

The ice machine was returned for taxation as personal property by the Company, and was mortgaged as such to parties holding chattel mortgages.

(1) There was no actual annexation to the realty.

(2) There was no intention of the party making

the annexation to make a permanent accession to the free hold.

(3) The ice machine, boiler, engine and machinery are not fixtures but chattel property.